## NICKLE *vs.* BUCKNER.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

He who sacrifices the property of another to save his own, is bound to pay for the property so sacrificed.

Where a steamer has a keel boat alongside, and to avoid a snag, changes her course, by which the keel is snagged, the steam-boat is bound to pay for the loss.

But if the accident was inevitable to the keel boat, by keeping their course, and by a change the steam-boat would have been injured, her owners are not liable for the loss of the keel boat.

This is an action against the commander of the steam-boat Scotland, to render him liable for the loss of a keel-boat he had taken in tow, and promised to deliver at the mouth of Big Black river.

The plaintiff alleges, that according to his contract, the defendant was bound to deliver the keel-boat at the place designated, but that he intentionally run her on a snag to save the steam-boat, by which she was totally lost. He prays judgment for the sum of two thousand three hundred and ninety-four dollars, according to an account annexed, as the value and damages for the loss of said boat.

The defendant denied that the keel-boat was lost through his fault or negligence, but that she was injured by the dan-

EASTERN DIST. gers of the river and unavoidable accidents, for which he was
*May,* 1858.  not responsible.   He further denied any indebtedness to the
plaintiff, or that the latter had received the amount of injury
he pretends.

NICKLE
*vs.*
BUCKNER.

The cause was submitted to a jury on the evidence, and charge of the judge.   The jury returned a verdict for the defendant, and after an unsuccessful attempt to obtain a new trial, the plaintiff appealed.

*Roselius,* for the plaintiff.

*Preston, contra.*

*Carleton, J.,* delivered the opinion of the court.

The petitioner alleges, that he hired his keel-boat to the defendant, who was commander of the steamer Scotland, to be towed with freight from Louisville to Natchez, for a stipulated price.   That before it reached its destination, it was intentionally run upon a snag by the defendant or his agent, and entirely lost.   That it was worth two thousand dollars, which together with other charges, set out in his petition, make the total sum of two thousand three hundred and ninety-four dollars and eighteen cents, for which he prays judgment.

The defendant for answer, admits the contract, but denies that the keel-boat was lost or injured by his fault or negligence, but avers, that the damages arose from the dangers of the river and unavoidable accident, for which he is not responsible.

There was a verdict and judgment for the defendant in the court below, and the plaintiff appealed.

In the contract entered into between the parties, a copy of which is annexed to the petition, it is declared, that " The said Buckner shall deliver the said keel at the mouth of Big Black river, the dangers of the river and unavoidable accidents excepted."   After hearing the testimony of the witnesses, the court charged the jury, " That if one person sacrifices the property of another in order to save his own, the

He who sacrifices the property of another to save his own, is bound to pay for the property so sacrificed.

person who does so, is bound to pay for the property so sacrificed. That the jury were to consider, whether the accident was, or was not, inevitable; if it was inevitable to the keel-boat, the defendant was not bound to make good the loss.

" That if the jury believed that the steam-boat, by keeping her course, would have run upon the snag, and that if in order to save the steam-boat, the pilot changed her course, and run the keel-boat upon the snag, the steam-boat ought to pay for the keel-boat; but if the accident was inevitable to the keel-boat by keeping their course, and if by a change of the course of the boats, the steam-boat would have been injured, defendant was not liable for the loss."

This charge we think correct. The controversy is made to turn upon mere matter of fact.

The pilot at the wheel was heard to say, at the time of the accident, that he run the keel-boat on the snag, to save the steamer; and such was his own declaration, when examined as a witness. But when re-examined, he stated, he had approached the snag so near before he saw it, (being nine o'clock at night,) that it was impossible to avoid it.

Several other witnesses testified, that only ten or fifteen seconds elapsed from discerning the snag, before the boat struck, and that it was the opinion of all on board, it was not possible to have prevented the disaster; and of this opinion seems to have been the jury, to whom the case was submitted.

As no evidence was produced to support any charge set up by the plaintiff, except the loss of the keel-boat, and as the finding of the jury does not appear to be contrary to the testimony, of which they were the proper judges, we do not think their verdict ought to be disturbed.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

But if the accident was inevitable to the keel-boat by keeping their course, and by a change, the steamboat would have been injured, her owners are not liable for the loss of the keel-boat.